Claudia Polsky (CBN 185505)
Steven J. Castleman (CBN 95764)
BERKELEY LAW
ENVIRONMENTAL LAW CLINIC
354 Law Building, UC Berkeley Law
Berkeley, CA 94704
Tel: (510) 664-4761
Email: scastleman@clinical.law.berkeley.edu

Michael R. Lozeau (CBN 142893)
LOZEAU DRURY LLP
1939 Harrison Street, Suite 150
Oakland, CA 84612
Tel: (510) 836-4200
Email: michael@lozeaudrury.com

*Attorneys for Plaintiff Greenaction
for Health and Environmental Justice*

LUCY E. BROWN (HI Bar #10946)
DAVID D. MITCHELL (IL Bar #6302250)
Environmental Defense Section
P.O. Box 7611
Washington, D.C. 20044-7611
Tel: (202) 598-1868 (Brown)
lucy.e.brown@usdoj.gov
david.mitchell@usdoj.gov

*Attorneys for Defendants*

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

# SAN FRANCISCO DIVISION

| | |
|---|---|
| GREENACTION FOR HEALTH AND ENVIRONMENTAL JUSTICE,<br><br>Plaintiff,<br><br>v.<br><br>UNITED STATES DEPARTMENT OF THE NAVY et al.,<br><br>Defendants. | Case No. 3:24-cv-3899-VC<br><br>**STIPULATION TO INCREASE PAGE LIMITS ON DEFENDANTS' MOTION TO DISMISS AND PLAINTIFF'S RESPONSE; PROPOSED ORDER** |

Federal Defendants intend to move to dismiss all claims alleged in Plaintiff's First Amended Complaint Seeking Declaratory and Injunctive Relief ("Amended Complaint") (ECF No. 16).  Due to the length and complexity of the allegations and claims set forth in the Complaint and Federal Defendants' anticipated defenses, the parties stipulate and jointly seek leave to file 25-page briefs under Civil Local Rule 7-11(a).  In support, the parties state as follows:

1. This case concerns a long running cleanup at the former Hunters Point Naval Shipyard ("Hunters Point").  Federal Defendants have been addressing the industrial contamination at Hunters Point for the last forty years through a series of response actions under the Comprehensive Environmental, Response, Compensation, and Liability Act ("CERCLA").

2. On June 28, 2024, Plaintiff filed a Complaint for Declaratory and Injunctive Relief (ECF No. 1).  On October 18, 2024, Plaintiff filed the 61-page Amended Complaint containing 319 numbered allegations and six claims for relief, some of which include detailed subclaims.  ECF No. 16 ¶¶ 260-73 (third claim), 274-304 (fourth claim).  The Amended Complaint alleges that the Navy and the U.S. Environmental Protection Agency ("EPA") have mishandled the cleanup, resulting in violations of various provisions of CERCLA, the Administrative Procedure Act ("APA"), the National Contingency Plan, the operative Federal Facilities Agreement, and a myriad of work plans and guidance documents.  *Id.* ¶¶ 238-319.  Some of the claims pertain to the Navy, some pertain to EPA, and others to both.

3.  Federal Defendants plan to move to dismiss all claims alleged in the Amended Complaint.[1]  But doing so will require ten more pages than is permitted under Judge Chhabria's Standing Order for Civil Cases.  The following chart summarizes Plaintiff's claims and Federal Defendants' anticipated defenses:

| Plaintiff's Claim | Federal Defendant's Anticipated Defense |
|---|---|
| Claim One: Plaintiffs allege that the Navy and EPA violated CERCLA, 42 U.S.C. § 9659(a)(1), by failing to comply with retesting work plans and conditions, requirements, and/or orders that have become operative under the Federal Facilities Agreement.  Plaintiffs also claim that EPA has failed to enforce the retesting work plans. ECF No. 16 ¶¶ 238-49. | Plaintiff's claim that the Navy is in violation of the work plans is not ripe because retesting under the work plans is ongoing.  And as to EPA, the claim is not cognizable because CERCLA does not permit a citizen suit for a "failure to enforce." |
| Claim Two: Plaintiff claims that the Navy failed to comply with five-year review deadlines in violation of CERCLA, 42 U.S.C. § 9621, with regard to the fourth and fifth five-year reviews.  ECF No. 16 ¶¶ 250-59. | Plaintiff's claims are moot because the only relief the Court could order has already occurred. |
| Claim Three: Plaintiff alleges that the Navy and EPA violated non-discretionary duties under CERCLA, 42 U.S.C. § 9659(a)(2), by selecting and approving remedies that are not protective of human health and the environment, and that the Navy failed to perform the nondiscretionary duty of preparing the administrative record in accordance with CERCLA.  ECF No. 16 ¶¶ 260-73. | Plaintiff's claim should be dismissed because the Navy has completed its nondiscretionary duties to select remedial actions under CERCLA and to establish an administrative record. |
| Claim Four: Plaintiff alleges the following violations under CERCLA, 42 U.S.C. § 9659(a)(1): (1) the Navy failed to act in accordance with CERCLA, the National Contingency Plan, and EPA's CERCLA guidances; (2) the Navy failed to characterize | Plaintiff's claim should be dismissed because (1) challenges to the remedial actions selected at Hunters Point and all actions prior are barred by the statute of limitations; (2) Plaintiff's allegations regarding the fourth and fifth five-year reviews fail to state a claim; (3) |

---

[1] The anticipated arguments presented in this motion are subject to final approval by DOJ, EPA, and Navy management.  Federal Defendants reserve their right to add, subtract, or otherwise alter these arguments.

| | |
|---|---|
| the full extent of contamination when it conducted the Remedial Investigation/Feasability Study; (3) the Navy improperly limited the scope of radionuclides to be studied; (4) the Navy failed to use the appropriate preliminary remediation goals and EPA improperly approved them; (5) the Navy and EPA applied the wrong remediation goals to all subsequent remedial actions; (6) the Navy failed to update the preliminary remediation goals in all subject cleanup documents; (7) the Navy failed to act in accordance with the Federal Facilities Agreement by not following EPA guidances; and (7) the Navy violated CERCLA's public participation requirements.  ECF No. 16 ¶¶ 274-304. | Plaintiff has not stated a claim based on alleged violations of EPA guidance; and (4) Plaintiff's claim that EPA "failed to enforce" is not viable. |
| <u>Claim Five</u>: To the extent the decisions to select and/or approve response actions are discretionary, Plaintiff claims that the selected response actions are arbitrary, capricious, and not in accordance with CERCLA, the National Contingency Plan, and the Federal Facilities Agreement in violation of CERCLA, 42 U.S.C. § 9613(j)(2).  ECF No. 16 ¶¶ 305-309. | Plaintiff's claim should be dismissed because 42 U.S.C. § 9613(j)(2) does not provide a cause of action. |
| <u>Claim Six</u>: Plaintiff alleges that the Navy and EPA violated the APA through its various "actions and inactions," that EPA violated its own guidance documents, and that EPA failed to enforce the Federal Facilities Agreement. ECF No. 16 ¶¶ 310-319. | Plaintiff's claim should be dismissed because (1) The only final agency actions challenged are selection of the remedies and formal deviations therefrom; (2) the Court lacks jurisdiction to review under the APA the removal actions being implemented at Hunters Point; (3) Plaintiff's challenge to response actions selected is barred by the statute of limitations; (4) Plaintiff's claim that EPA "failed to enforce" is not viable; and (5) claims cognizable under CERCLA's citizen-suit provision cannot be brought under the APA. |

4.  To support these arguments, Federal Defendants seek to explain the detailed process for selecting removal and remedial actions under CERCLA and the National

Contingency Plan and work spanning forty years including the Navy's final remedial actions, public participation, records of decisions, administrative record, and five-year reviews. The motion also calls for a brief history of the radiological response actions at Hunters Point, extensive sampling fraud committed by a private contractor, and the Navy's plans for retesting.

5. The unique circumstances surrounding Hunters Point, the robust statutory and regulatory scheme, the complex history at the site, and the detailed and numerous allegations and claims in the Amended Complaint warrant ten additional pages for Federal Defendants to adequately respond to the Amended Complaint. For the same reasons, and in fairness and equity, Plaintiff should be allowed the same amount of space to oppose the motion.

6. Granting this request would also potentially avoid additional motions practice. Federal Defendants would be able to raise all arguments under Federal Rule of Civil Procedure 12(b)(1) and (6) at the motion to dismiss stage as opposed to bringing an additional motion under Rule 12(c) at a later date.

For these reasons, the parties stipulate and respectfully request an increase from 15 to 25 pages for Federal Defendants' forthcoming memorandum in support of its motion to dismiss and Plaintiff's response in opposition.

Respectfully submitted,

Dated: October 25, 2024

 /s/ *Steven J. Castleman* (auth. 10/25/24)
Steven J. Castleman
Berkeley Law Environmental Law Clinic

Attorney for Plaintiff

Dated: October 25, 2024 /s/ Lucy E. Brown
LUCY E. BROWN
DAVID D. MITCHELL
United States Department of Justice
Environment & Natural Resources Division
Environmental Defense Section

Attorneys for Defendants

## FILING ATTESTATION

I attest that the signing counsel for Plaintiff concurs in filing this document.

Dated: October 25, 2024 /s/ Lucy E. Brown
LUCY E. BROWN
United States Department of Justice
Environment & Natural Resources Division
Environmental Defense Section