Claudia Polsky (CBN 185505)
Steven J. Castleman (CBN 95764)
BERKELEY LAW ENVIRONMENTAL LAW CLINIC
354 Law Building, UC Berkeley Law
Berkeley, CA 94704
Tel: (510) 664-4761
Email: scastleman@clinical.law.berkeley.edu

Michael R. Lozeau (CBN 142893)
LOZEAU DRURY LLP
1939 Harrison Street, Suite 150
Oakland, CA 84612
Tel: (510) 836-4200
Email: michael@lozeaudrury.com

Attorneys for Plaintiff Greenaction
for Health and Environmental Justice

# UNITED STATES DISTRICT COURT

## FOR THE NORTHERN DISTRICT OF CALIFORNIA

### SAN FRANCISCO DIVISION

| | |
|---|---|
| GREENACTION FOR HEALTH AND ENVIRONMENTAL JUSTICE, a non-profit corporation,<br><br>Plaintiff,<br>v.<br>UNITED STATES DEPARTMENT OF THE NAVY, a military department and agency of the United States; UNITED STATES ENVIRONMENTAL PROTECTION AGENCY, a United States government agency,<br>Defendants. | Civil No. 3:24-cv-3899-VC<br><br>PLAINTIFFS' REQUEST FOR JUDICIAL NOTICE<br><br>Date: January 23, 2025<br>Time: 10:00 a.m.<br>Location: Courtroom 4 – 17th Floor<br>Judge: Hon. Vince Chhabria |

    Plaintiff respectfully requests that in considering Defendants' Motion to Dismiss Plaintiff's First Amended Complaint, the Court take judicial notice of the documents and webpages set forth below and of the specified facts contained therein. These facts are not subject

to a reasonable dispute. They are the Defendants' documents and webpages, and their accuracy cannot be reasonably questioned by the Defendants.

The court "must take judicial notice if a party requests it and the court is supplied with the necessary information." Fed. R. Evid. 201(c). "The court may judicially notice a fact that is not subject to reasonable dispute because it: (1) is generally known within the trial court's territorial jurisdiction; or (2) can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201(b). Courts may take judicial notice of "matters of public record," *Lee v. City of Los Angeles*, 250 F.3d 668, 688-89 (9th Cir. 2001), including information on websites of governmental entities, *Daniels-Hall v. Nat'l Educ. Ass'n,* 629 F.3d 992, 998–99 (9th Cir. 2010).

Defendants have authorized Plaintiff to represent that Defendants do not oppose Plaintiff's request for judicial notice of the existence of the documents and webpages referenced in the numbered paragraphs and request for judicial notice of the specific facts referenced in the lettered subparagraphs.

Plaintiff requests that the Court take judicial notice of these documents and the following facts therein:

1. *Final Basewide Radiological Removal Action, Action Memorandum - Revision 2006, Hunters Point Shipyard San Francisco, California, April 21, 2006,* attached hereto and incorporated herein by reference as Exhibit 1.

    a. The *Memorandum* states, "removal actions will be performed in less than a year." p. 13.

    b. The *Memorandum's* Subject line is, "Final Action Memorandum for Time-Critical Removal Action of Radiological Materials in Soils, Debris, or Structures at Hunters Point Shipyard, San Francisco, California." p. 1.

    c. The *Memorandum* identifies potential threats to the public health and welfare: "Three potential threats to public health or welfare exist:

        1. Nearby human populations may be affected by exposure to low-level radioactive materials.

        2. Low-level radioactive materials may migrate or be released because of their presence near the surface.

        3. Low-level radioactive materials may migrate or be released because of weather conditions." p. 9.

    d. The *Memorandum* states, "Individual removal action project schedules will be generated as each site is identified for surveyor removal of radioactive materials. Based on previous removal actions for radioactive materials, field events are expected to last from 1 to 4 months." p.15.

    e. The *Memorandum* established cleanup goals, called "Release Criteria," for actions performed under the *Memorandum*, which were set forth in Table 1 to the *Memorandum.* p. 19, Table 1.

This document is also available at:

https://media.defense.gov/2022/Mar/02/2002948271/-1/-1/0/HPS_200604_MEMO_RAD.PDF

2. *Final Summary Report, Radiological Object Recovery, Parcel B Radiological Confirmation Sampling and Survey, Hunters Point Naval Shipyard, San Francisco,*

*California September 2024*, attached hereto and incorporated herein by reference as Exhibit 2.

    a. Soil retesting found "a small piece of glass approximately 3/16" (3/16 of an inch) in size." p. 3. (Parenthesis added.)

    b. Analysis found the object emitted approximately 9,700 picocuries of radium$^{226}$ per gram of soil ("pCi/g"), exceeding the residential remedial goal for radium$^{226}$, 1 pCi/g above background. p. 6.

This document is also available at:

https://media.defense.gov/2024/Sep/26/2003554299/-1/-1/0/FINAL_SUMMARY_REPORT_RADIOLOGICAL_OBJECT_RECOVERY_PARCEL_B_SEPTEMBER_2024.PDF.

3. *Final Summary Report, Radiological Object Recovery, Parcel C Radiological Confirmation Sampling and Survey, Hunters Point Naval Shipyard, San Francisco, California September 2024*, attached hereto and incorporated herein by reference as Exhibit 3.

    a. Soil retesting found "a deck marker with radioluminescent paint." It was "approximately 1.5 to 2 inches in diameter." p. 3.

    b. Analysis found the deck marker emitted approximately 60,000 pCi/g of radium$^{226}$, exceeding the residential remedial goal for radium$^{226}$, 1 pCi/g above background. p. 6.

This document is also available at:

https://media.defense.gov/2024/Sep/26/2003554296/-1/-1/0/FINAL_SUMMARY_REPORT_RADIOLOGICAL_OBJECT_RECOVERY_PARCEL_C_SEPTEMBER_2024.PDF

4. *Final Fifth Five Year Review*, Hunters Point Naval Shipyard, San Francisco, California, July 2024. Because the *Final Fifth Five Year Review* is too large a file to email, it has been divided into four files, attached hereto and incorporated herein by reference as Exhibit 4 parts 1-6.

   a. EPA Region 9 made a comment to the *Draft Fifth Five Year Review* regarding the deadline for the *Sixth Five Year Review* and the Navy responded. *Final Fifth Five Year Review,* Appendix I, p. I-190.

   b. The EPA commented, "As EPA outlined in its November 16, 2023, letter, the trigger action date is the Remedial Action Start date, not the signature date of the Fourth FYR. As such, the statutory due date for the Sixth FYR is November 8, 2028. Please correct the table to reflect the statutory due date. Appendix I, p. I-190.

   c. The Navy responded, in part, "the signature date of the Sixth Five-Year Review will be July 31, 2029." Appendix I, p. I-190.
   This document is also available at:
   https://media.defense.gov/2024/Aug/01/2003516226/-1/-1/0/HPNS_4930_5YR_FINAL.PDF

Plaintiff further requests that the Court take judicial notice of EPA web pages and the following facts therein:

5. EPA's "Guidance Documents Managed by the Office of General Counsel" webpage:

   a. The webpage states, "EPA's guidance documents lack the force and effect of law, unless expressly authorized by statute or incorporated into a contract."
   https://www.epa.gov/ogc/guidance-documents-managed-office-general-counsel

6. EPA's "Hunters Point Naval Shipyard, San Francisco, Ca., Cleanup Progress" webpage, "Cleanup Schedule by Operable Unit" heading, which characterizes actions taken in each Parcel:

    a.  Excluding entries that are not specified as "removals" or "remedial actions," ("Five Year Review," "Combined Remedial Investigation/Feasibility Study," "Explanation of Significant Differences," "Partial NPL Deletion," and "Remedial Design") all entries prior to adoption of Records of Decision ("RODs") are labeled "removals." All entries after RODs were adopted are labeled "remedial action."

    https://cumulis.epa.gov/supercpad/SiteProfiles/index.cfm?fuseaction=second.schedule&id=0902722#Schedule.

Dated:   December 6, 2024           Respectfully Submitted,

_[signature]_

Attorney for Plaintiff Greenaction