UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GREENACTION FOR HEALTH AND ENVIRONMENTAL JUSTICE, | Case No. 24-cv-03899-VC |
| Plaintiff, | |
| v. | **ORDER GRANTING IN PART AND DENYING IN PART MOTION TO DISMISS** |
| UNITED STATES DEPARTMENT OF THE NAVY, et al., | Re: Dkt. No. 21 |
| Defendants. | |

The motion to dismiss is granted in part and denied in part. This order assumes the reader's familiarity with the facts, governing legal standards, and arguments made by the parties. Both parties' unopposed requests for judicial notice are granted, and the other documents the government submitted can properly be considered as incorporated into the complaint. *See Parrino v. FHP, Inc.*, 146 F.3d 699, 705–06 (9th Cir. 1998), *superseded by statute on other grounds as recognized by Rueda Vidal v. Bolton*, 822 F. App'x 643, 644–54 (9th Cir. 2020).

There are a number of problems with the complaint. For one example, several of the claims group together what really should be separated out into distinct claims. So the complaint will need to be amended. But it is clear that several of Greenaction's claims will ultimately be able to move forward in some form—and that some claims, including one that addresses the complaint's core theory that the Navy's cleanup of Hunters Point is inadequate, can move forward now. This order addresses each claim, following the complaint's organization but separating out the issues within each claim as needed.

*1. The retesting agreements*. The motion to dismiss the first claim—that the Navy is

violating enforceable agreements regarding retesting of the soil at certain parcels—is granted as

to parcels B and C and denied as to parcel G. As Greenaction appears to acknowledge, the claim

is moot as to parcels B and C because the Navy has announced its intention to fully retest all

trenches in those parcels. Further, as Greenaction concedes, the claim fails to the extent it seeks

to challenge an exercise of EPA's enforcement discretion. *E.g.*, *Sierra Club v. Whitman*, 268

F.3d 898, 902 (9th Cir. 2001).

But the claim can proceed to the extent it challenges the Navy's decision to invalidate

and discard the testing results that showed remedial goals for strontium-90 were being exceeded

at parcel G—and thus to forgo full retesting of the trenches in that parcel. It's true that the

ongoing phase 2 actions might result in full retesting of all trenches in parcel G. But the

government is wrong that this means that Greenaction might never be injured. The injury that

Greenaction alleges isn't just partial (rather than full) retesting at parcel G. It's also the delay to

the potential retesting, and in turn to any cleanup actions that the retesting might show to be

necessary. And the more that any such cleanup actions are delayed, the longer that Greenaction's

members and other residents of the Hunters Point area will be affected by the risk of harm from

contamination at the site. *Cf. Friends of the Earth, Inc. v. Laidlaw Environmental Services, Inc.*,

528 U.S. 167, 184–85 (2000) (risk of environmental harm can create injury sufficient for

standing).

With that in mind, the claim is ripe because the Navy has already made the decision that

will create this injury: the Navy has already decided to discard the Method 905 results and

instead use a sampling method that found that no results exceeded remedial goals. So the Navy

has already decided to put off full retesting of parcel G trenches until and unless phase 2

sampling shows exceedances in every trench in parcel G.[1]

*2. Five-year review deadlines.* This claim is dismissed with leave to amend. The claim is

---

[1] To the extent that adjudicating this claim will interfere with the Navy's ongoing retesting so as
to render the claim not prudentially ripe, the Navy can reraise this argument in a motion for
summary judgment.

moot as pled because the fourth and fifth five-year reviews have already been published. But in its opposition, Greenaction alleged for the first time that the Navy has also expressed an intent to release the sixth five-year review late. It's possible that a challenge regarding that review would be justiciable. *See Phoenix Herpetological Society, Inc. v. U.S. Fish & Wildlife Service*, 2021 WL 620193, at \*4–5 (D.D.C. Feb. 17, 2021). So Greenaction will have leave to amend.

 *3. CERCLA nondiscretionary duties (42 U.S.C. § 9659(a)(2)).* The third claim, which encompasses what should have been brought as several separate claims, is dismissed with leave to amend in one respect and without leave to amend in all other respects.

 *A.* The part of this claim that asserts that the Navy failed to perform a nondiscretionary duty to select remedies that are protective of human health and the environment fails because the Navy's relevant nondiscretionary duty is only to select remedies and determine that they are protective. The actual content of the remedies chosen is a matter of discretion, and cannot be challenged via a citizen suit brought under 42 U.S.C. § 9659(a)(2). *See Frey v. EPA*, 751 F.3d 461, 469–71 (7th Cir. 2014). This aspect of the claim is therefore dismissed without leave to amend.

 *B.* The aspects of this claim that relate to the administrative record fail for a variety of reasons. Greenaction's challenge to the administrative record's location is dismissed without leave to amend because the San Francisco Public Library is close enough to Hunters Point to satisfy the statutory requirement that the record be stored "at or near" the facility. *Cf. United States v. City of Fort Lauderdale*, 81 F. Supp. 2d 1348, 1351 (S.D. Fla. 1999). The challenge to the administrative record's organization is dismissed without leave to amend because, as with the selection of remedies, the Navy's nondiscretionary duty is to compile an administrative record, not to compile one in any particular form. *See United States v. Sensient Colors, Inc.*, 649 F. Supp. 2d 309, 333–34 (D.N.J. 2009). The aspect of the claim asserting that the Navy failed to allow public comment on its choices of remedial actions and goals is dismissed without leave to amend because the judicially noticed materials show that the Navy did allow the necessary public comment. *See Sprewell v. Golden State Warriors*, 266 F.3d 979, 988 (9th Cir. 2001).

The part of this claim that challenges the Navy's alleged failure to respond to late comments is dismissed without leave to amend because 40 C.F.R. § 300.825 does not impose any duty to respond to late comments. That regulation says that the agency must consider late comments if those comments meet certain conditions, and that "[a]ll such comments and any responses thereto" must be placed in the file. By referring to "all" qualifying comments but "any" responses, the regulation contemplates that there may not even be responses to every late comment that meets the requirements for consideration—let alone all late comments whether or not they meet those requirements.

Finally, Greenaction's assertion that the administrative record does not include required documents fails because the complaint does not identify any documents that must be included but are not. Given how tangential this challenge seems to be to Greenaction's real problems with the Hunters Point cleanup, it's not clear why Greenaction is bringing it or what the point of continuing to press it would be. Nevertheless, Greenaction will have leave to amend to specify what documents need to be part of the administrative record but are missing from it.

*4. CERCLA violations (42 U.S.C. § 9659(a)(1)).* The motion to dismiss this claim, which also encompasses what should be several separate claims, is granted without leave as to certain aspects of the claim, granted with leave to amend as to other aspects, and denied as to one aspect.

*A.* The claim is dismissed without leave to amend to the extent it challenges actions taken more than six years ago because these actions are beyond the six-year statute of limitations in 28 U.S.C. § 2401(a). These time-barred actions include the first, second, and third five-year reviews, the selections of remedial actions in the Records of Decision and Explanation of Significant Differences, the remedial investigations/feasibility studies, and any public participation requirements related to those actions. Even assuming the continuing violations doctrine applies in this context, these actions are not continuing violations but rather discrete past actions with continuing effects. *See Garcia v. Brockway*, 526 F.3d 456, 462 (9th Cir. 2008).

*B.* The aspects of this claim that challenges the Navy's alleged failure to adhere to EPA guidance is dismissed with leave to amend. Guidance documents are generally not enforceable—

and at least one of the guidance documents relevant here notes that it "cannot be relied upon to create any rights" that are "enforceable by any party in litigation with the United States." But the parties to the Hunters Point Federal Facilities Agreement—which include the EPA and Navy—agreed to perform certain "tasks, obligations, and responsibilities" under the FFA "in accordance with CERCLA and CERCLA guidance and policy." And the FFA also provides that all of its "terms and conditions" relating to remedial actions, including "all work associated with remedial actions, shall be enforceable by any person" pursuant to CERCLA's citizen-suit provision. So in this case, because the guidances are incorporated into the FFA and the FFA is enforceable by anyone, Greenaction can sue to enforce the guidances.

It's thus possible that Greenaction could state a claim regarding the Navy's failure to follow EPA guidance. But the current complaint fails to do so. The complaint identifies a number of ways in which the Navy has allegedly deviated from various guidance documents. But at the hearing, Greenaction's lawyer only asserted that the Navy was violating one particular guidance pertaining to five-year reviews. That guidance notes that EPA retains "the discretion to adopt approaches on a case-by-case basis that differ from this guidance where appropriate." The complaint does not explain why (or even assert that) the Navy's alleged deviations from the guidance were inappropriate or unjustified by site-specific conditions at Hunters Point.

It's not clear whether Greenaction wishes to continue pressing this claim: At the hearing, Greenaction's lawyer indicated that it's largely redundant with the claim challenging the adequacy of the five-year reviews under CERCLA itself (rather than under CERCLA guidance). As discussed below, that claim will be allowed to proceed. Nevertheless, Greenaction will have leave to amend to clarify which guidance documents it alleges the Navy failed to follow and to explain why the deviations from those guidance documents were unjustified.[2]

*C*. The motion is denied as to the aspect of this claim that challenges the substantive

---

[2] While it's possible that some of the Navy's alleged deviations from the guidance are beyond the six-year of statute of limitations, that isn't clear from the face of the complaint. So dismissal on that ground isn't appropriate at this stage in the litigation. *See Seven Arts Filmed Entertainment Ltd. v. Content Media Corp. PLC*, 733 F.3d 1251, 1254 (9th Cir. 2013).

adequacy of the fourth and fifth five-year reviews' determinations that the remedial actions underway at Hunters Point are protective of human health and the environment. This claim advances Greenaction's core theory that the cleanup at Hunters Point has been inadequate. Greenaction complicated the briefing on this issue by arguing in its opposition that the Navy has a nondiscretionary duty to ensure protectiveness through the five-year reviews. As discussed above, a claim challenging the adequacy of the Navy's choice of remedial actions cannot be brought under as a nondiscretionary duty claim under 42 U.S.C. § 9659(a)(2). But the government concedes that a challenge to the choice of remedial actions could be brought as a "violations" claim under § 9659(a)(1)—which is how Greenaction brought this claim in its complaint (just not its opposition brief). Because Greenaction's challenge to the adequacy of the five-year reviews is essentially a challenge to the Navy's affirmation of its choice of remedial actions, this challenge can be brought under § 9659(a)(1) (but not § 9569(a)(2)).[3]

The government argues that the Navy is under no obligation to ensure in its five-year reviews that the cleanup is actually protective of human health and the environment. The five-year review requirement comes from 42 U.S.C. § 9621(c), which says that the EPA or other relevant agency must review certain remedial actions "no less often than each 5 years … to assure that human health and the environment are being protected." The Navy argues that this language only establishes an "objective" for these reviews—and thus that a reviewing agency needs to do no more than publish a document stating that it has determined that the remedial actions are protective. But that can't possibly be right. On that interpretation, the reviewing official could just grab a lawn chair and a six pack, sit onsite for a day, and call it a job well done. It's inconceivable that the five-year review requirement was meant to be so toothless.

---

[3] In its opening brief, the government appeared to suggest that a challenge to an agency's administration of CERCLA (which would presumably include selection of remedial actions) can't be brought under § 9659(a)(1), either. *See Bennett v. Spear*, 520 U.S. 154, 173 (1997) (interpreting similar language in Endangered Species Act and holding that "the term 'violation' does not include" a failure to perform "duties as administrator of the" statute); *see also, e.g.*, *Battaglia v. Browner*, 963 F. Supp. 689, 690–91 (N.D. Ill. 1997) (applying *Bennett*'s holding to CERCLA). But the government said otherwise in its reply and at the hearing, so this order proceeds on that concession.

*5. Arbitrary and capricious under CERCLA (42 U.S.C. § 9613(j)(2)).* This claim is dismissed without leave to amend because § 9613(j)(2) does not provide a cause of action.

*6. Arbitrary and capricious under the APA.* This claim is dismissed without leave to amend because the fact that Greenaction's claims are cognizable under CERCLA means they are not cognizable under the APA. The APA only provides a cause of action (and waives the United States's sovereign immunity) regarding citizen challenges to agency actions "for which there is no other adequate remedy in a court." 5 U.S.C. § 704. CERCLA provides an adequate judicial remedy for the actions Greenaction seeks to challenge. The fact that it may impose a narrower standard of review than the APA does not render its remedy inadequate.[4]

\* \* \*

Any amended complaint is due within 21 days, with a response due 21 days after that. The parties have already been instructed to proceed with the necessary discovery or administrative record review as to the surviving claims, and should continue those efforts. Any further scheduling issues can be discussed at the March 28 case management conference.

**IT IS SO ORDERED.**

Dated: March 13, 2025

VINCE CHHABRIA
United States District Judge

---

[4] As noted in the previous footnote, this order is proceeding on the government's concession that Greenaction's core challenge to the Hunters Point cleanup can be brought under 42 U.S.C. § 9659(a)(1). If it becomes apparent later in the case that the challenge cannot proceed under that provision—at which point CERCLA might no longer offer Greenaction an adequate remedy—Greenaction can seek leave to amend to re-add an APA claim.