Claudia Polsky (CBN 185505)
Steven J. Castleman (CBN 95764)
BERKELEY LAW
ENVIRONMENTAL LAW CLINIC
434 Law Building, UC Berkeley Law
Berkeley, CA 94704
Tel: (510) 664-4761
Email: scastleman@clinical.law.berkeley.edu
Attorneys for Plaintiff Greenaction
for Health and Environmental Justice

Michael R. Lozeau (CBN 142893)
LOZEAU DRURY LLP
1939 Harrison Street, Suite 150
Oakland, CA 84612
Tel: (510) 836-4200
Email: michael@lozeaudrury.com

LUCY E. BROWN (HI Bar #10946)
DAVID D. MITCHELL (IL Bar #6302250)
United States Department of Justice
Environment & Natural Resources Division
Environmental Defense Section
P.O. Box 7611
Washington, D.C. 20044
Telephone: (202) 514-0165 (Mitchell)
Fax: (202) 514-8865
lucy.e.brown@usdoj.gov
david.mitchell@usdoj.gov
*Counsel for Defendant*

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**SAN FRANCISCO DIVISION**

| | |
|---|---|
| GREENACTION FOR HEALTH AND ENVIRONMENTAL JUSTICE,<br><br>Plaintiff,<br><br>v.<br><br>UNITED STATES DEPARTMENT OF THE NAVY,<br><br>Defendant. | Case No. 3:24-cv-3899-VC<br><br>**JOINT CASE MANAGEMENT STATEMENT** |

Under Federal Rule of Civil Procedure 26(f), Civil Local Rule 16-9, the Standing Order for All Judges of the Northern District of California Contents of Joint Case Management Statement, and the Standing Order for Civil Cases Before Judge Vince Chhabria paragraph 14, the Plaintiff, Greenaction for Health and Environmental Justice ("Greenaction"), and Defendant, the U.S. Department of the Navy ("Navy"), (together, the Parties) respectfully submit for the Court's consideration this Joint Case Management Statement. The Court dismissed in its order on the Navy's and U.S. Environmental Protection Agency's ("EPA") Motion to Dismiss the First Amended Complaint all claims except: (1) claim 1 alleging that the Navy is in violation of the Parcel G Removal Site Evaluation Workplan ("Workplan") because the Navy has not yet decided to do 100% recharacterization in Phase 2 of retesting; and (2) claim 4 alleging that the Navy's fourth and fifth five-year reviews were conducted in violation of 42 U.S.C. § 9621(c). *See* ECF 41. Based on the Court's order and Greenaction's agreement that "failure to enforce" claims against EPA are not viable, *see* ECF No. 27 at 12, 23, the Navy is the only defendant currently in the case. For claim 4, Greenaction specifically alleges that 42 U.S.C. § 9621(c) required that the Navy find in the fourth and fifth five-year reviews that radiological remedial goals selected in the Comprehensive Environmental Response, Compensation, and Liability Act ("CERCLA"), 42 U.S.C. § 9601, et. seq. records of decision ("RODs") at Hunters Point Naval Station ("Hunters Point") are not protective of human health and the environment. This joint case management statement addresses the claims that remain in the case against the Navy and this clarification of the remaining portion of claim 4.

**1. JURISDICTION AND SERVICE:** The Court has exclusive original jurisdiction over Greenaction's claims under 42 U.S.C. § 9613(b).[1] Venue is proper in this Court. 42 U.S.C. § 9613(b). The Court has personal jurisdiction over the Navy and the Navy has been served.

**2. GREENACTION'S STATEMENT OF FACTS:**

This is a citizen suit brought pursuant to Section 9659 to address violations of CERCLA, the National Contingency Plan ("NCP"), 40 C.F.R. § 300.400, et. seq., and the Federal Facilities Agreement for Naval Station Treasure Island – Hunters Point Annex ("FFA"), arising from the Navy's and EPA's inadequate and incomplete remediation of radioactive contamination at Hunters Point. Greenaction seeks declaratory and injunctive relief requiring the Navy and EPA to comply with CERCLA, its regulations and the FFA.

Greenaction files this action to redress failures of the Navy and EPA to properly perform their CERCLA duties and they have also acted in a manner that is arbitrary, capricious, an abuse of discretion, and not otherwise in accordance with law. Furthermore, the FFA, mandated by 42 U.S.C. § 9620, requires that the Navy and EPA carry out their respective response actions in accordance with CERCLA and the NCP and with EPA CERCLA guidances.

---

[1] The Navy considers claim 4 a challenge to the remedial actions selected for which jurisdiction is barred under 42 U.S.C. § 9613(h). However, in *Fort Ord Toxics Project, Inc. v. Cal. EPA*, the Ninth Circuit held that CERCLA's jurisdictional bar at Section 9613(h) does not apply to challenges to remedial actions taken exclusively under the authority of Section 9620 at certain federal facilities. 189 F.3d 828, 834 (9th Cir. 1999). The Navy believes *Fort Ord* was wrongly decided and that Section 9613(h) also bars challenges to all remedial actions because remedial actions are selected under Section 9604 subject to the requirements of Section 9620. *See, e.g.*, *Giovanni v. United States Dep't of the Navy*, 906 F.3d 94, 115-16 (3d Cir. 2018). Greenaction disagrees. The Navy recognizes that *Fort Ord* is binding on this Court and preserves this jurisdictional argument for any appeal or if the Ninth Circuit reconsiders *Fort Ord* during the pendency of proceedings in this Court.

The Navy's radiological cleanup contractor, Tetra Tech EC, Inc. ("Tetra Tech"), committed fraud under the Navy's supervision. Tetra Tech's work and data were discarded. As a result, a complete and accurate understanding of the nature and extent of contamination throughout the site remains unknown approximately two decades after the Navy initiated its radiological cleanup.

In the wake of the Tetra Tech fraud, the Navy and EPA agreed to a plan that called for retesting only one-third of Tetra Tech's soil remediation. However, under the approved retesting plans, if the one-third retesting found any contamination, that discovery would trigger 100% soil retesting.

This action is prompted by two violations of CERCLA, the NCP and the FFA. First, the Navy has reneged on the retesting agreement as to Parcel G. Retesting found contamination there – 62 samples exceeding the remedial goals for strontium-90 – but the Navy and EPA have improperly invalidated the results and have therefore refused to conduct 100% retesting of Parcel G soil. Accordingly, Greenaction respectfully seeks this Court's order enforcing the retesting agreement requiring 100% soil retesting.

Second, the Navy's most recent five-year reviews, the fourth and fifth five-year reviews, were published beyond the statutory deadline, without legal or factual justification. The Navy has also stated in writing its intention to violate the five-year review deadline for the sixth five-year review. The Navy's fourth and fifth five-year review also failed to assure that the remedies are and will remain protective, as required by CERCLA, the NCP and the FFA. Accordingly, Greenaction respectfully requests that this Court enforce CERCLA's five-year review obligations.

**3. THE NAVY'S STATEMENT OF FACTS:**

The Navy operated Hunters Point from 1939 to 1974. Industrial activities at the site by the Navy and others resulted in widespread distribution of contaminants, including radionuclides. Between 1984 and 1991, the Navy conducted a series of base-wide environmental investigations. In 1989, EPA added Hunters Point to the National Priorities List. In 1992, the Navy, EPA and the State of California executed a FFA for Hunters Point under Section 9620 of CERCLA. Hunters Point has been divided into 14 parcels for response actions.

On April 21, 2006, the Navy selected a base-wide removal action for radiological contamination at Hunters Point. The removal action involved surveying radiological contamination, excavating and disposing of soils, and decontaminating or demolishing structures, among other actions. The Navy contracted with Tetra Tech to perform radiological remediation at 8 parcels, including implementation of the 2006 removal action selected. In October 2012, the Navy discovered discrepancies in Tetra Tech's sampling. Tetra Tech conducted an investigation and produced a report in April 2014 regarding anomalous samples. The Navy and EPA investigated Tetra Tech's soil and building surveys and found evidence of widespread fraud. In response, the Navy planned to conduct investigations at radiologically-impacted soil and building sites starting with parcel G.

The Navy produced work plans to retest the parcels subject to Tetra Tech's fraud. For areas where there were sanitary sewers and storm drain trenches, the work plans provide for two phases of retesting. In Phase 1, the Navy will excavate and characterize 100% of the soil in one third of the trenches at the parcels, with the trenches selected being those with the highest potential for contamination. In Phase 2, the Navy will conduct soil sampling and a complete radiological surface scan of accessible areas of the parcels. Under the work plans, the Navy will

re-excavate 100% of Phase 2 trenches if contamination above remedial goals not attributable to background is identified in Phase 1.

In 2020, the Navy began collecting and testing soil samples at parcel G under Phase 1 of the Workplan. The Navy initially used USEPA Method 905 ("Method 905") to test for strontium-90 as specified in the Workplan, which returned inconsistent results for the presence of strontium-90. The Navy determined that the results were anomalous, could not be reproduced, and indicated false positive results. Notably, for example, samples taken from areas with uncontaminated backfilled soil from off-site sources returned some positive results. To ensure that it was using the appropriate sampling method for strontium-90, the Navy reanalyzed over 1,000 samples using various methods, including Method 905 for isotopic strontium-90 analysis, Method 905 Total Beta Strontium, the Eichrom Method for isotopic strontium-90 analysis, and the Eichrom Method for Total Beta Strontium. The Navy determined that Method 905 for isotopic strontium-90 analysis and Method 905 Total Beta Strontium showed a high probability of false positive results and did not produce reliable and reproducible data at the low concentrations of strontium-90 that were being reported at parcel G. The Navy also found that the Eichrom Method for isotopic strontium-90 analysis was not reliable because, among other reasons, interference with Pb-210/Bi-210 (lead and bismuth) caused a high degree of bias in the results. The Navy determined that the results using the Eichrom Method Total Beta Strontium were reliable. Therefore, the Navy executed a field change to the parcel G workplan to use the Eichrom Method Total Beta Strontium to test for isotopic strontium-90. EPA and the California state regulators concurred with this change. No results in Phase 1 exceeded remedial goals using this method.

The Navy worked with EPA to confirm whether the Eichrom Method Total Beta Strontium results were, in fact, reliable and the results using the other methods were not. To do so, EPA proposed a method verification study that the Navy followed. The verification study results showed that Eichrom Method Total Beta Strontium was the most accurate, precise, and reproducible sampling method for low concentrations of strontium-90. These results are documented in the Navy's Final Technical Memorandum on Strontium Analysis. EPA approved the Navy's verification study, with the concurrence of California state regulators such as the California Department of Public Health, and Phase 2 retesting at parcel G is ongoing.

The Navy and EPA have jointly selected final remedial actions documented in RODs for all parcels. For parcels affected by radiological contamination, the RODs selected the 2006 removal action components. The Navy has completed five five-year reviews of the remedial actions selected at Hunters Point as required under 42 U.S.C. § 9621(c).

In July 2019, the Navy issued its fourth five-year review report. The Navy performed a careful and thorough review of all the parcels that had RODs issued at the time (all but parcel F). As part of the fourth five-year review, the Navy issued two addenda to the main report where the Navy reviewed the protectiveness of the remedial goals for radiological contamination selected for soils and buildings at Hunters Point. The Navy found that the radiological remedial goals continued to be protective and did not recommend any amendments to the RODs for the radiological response actions. EPA concurred with the Navy for the radiological remedial goals for soils but not for buildings.

In August 2024, the Navy released the fifth five-year review report. The Navy again performed a careful and thorough review of all the parcels that had RODs issued at the time (all but parcel F). The Navy found that there were no updates in the toxicity information for the

radiological contaminants at issue since the fourth five-year review addenda and found that the radiological remedial goals were protective. For buildings, the Navy and EPA decided to exercise the option in the relevant RODs to demolish all but two of the radiologically-impacted buildings at Hunters Point to remove radiological contamination from the site. Demolition will be conducted using dust suppression methods and sampling, among other measures, to ensure contamination is not distributed in the neighborhood. The two radiologically-impacted buildings that will remain are not planned to be released for residential use, based on City and County of San Francisco redevelopment plans. EPA concurs that the remedial goals selected for the two remaining historic radiologically-impacted buildings are protective for demolition.

**4. PRINCIPAL FACTUAL ISSUES IN DISPUTE:** The principle factual dispute for claim 1 relates to the testing procedure the Navy credited for strontium-90 sampling in parcel G. Greenaction contends that the Navy improperly invalidated 62 samples found to have exceeded the remedial goals for strontium 90 in Parcel G soil using EPA Method 905 and that such findings required 100% soil retesting under Phase 1. Greenaction further contends that the EPA improperly approved such invalidation. The Navy contends that the Navy executed a field change to the Workplan approved by EPA and the California Department of Public Health to use the Eichrom Method Total Beta Strontium to test for strontium-90 and, under this procedure, there were no exceedances of soil remedial goals during Phase 1 soil retesting at parcel G.

There are no factual issues for claim 4 because CERCLA provides for review based on the administrative record subject to an arbitrary and capricious or otherwise not in accordance with the law standard of review.

Joint Case Management Statement
Case No. 3:24-cv-3899-VC                                                                                           8

**5. LEGAL ISSUES:**

Claim 1: Whether the Navy is in violation of the Workplan for Hunters Point because the Navy has not yet determined whether to do 100% recharacterization of soils in Phase 2 two retesting?

Claim 4: Whether the Navy's fourth and fifth five-year reviews for Hunters Point comply with 42 U.S.C. § 9621(c)?

**6. MOTIONS:** The Navy and EPA filed a motion to dismiss Greenaction's First Amended Complaint. The Court granted in part and denied in part that motion. The Court dismissed all claims except claim 1 regarding parcel G and claim 4 regarding the Navy's fourth and fifth five-year reviews for Hunters Point for violations of 42 U.S.C. § 9621(c). The Court provided Greenaction leave to amend CERCLA citizen-suit claims related to the timing of the Navy's sixth five-year review, the adequacy of the CERCLA administrative record, and the fourth and fifth five-year reviews being performed in violation of EPA guidance documents.

Future motions: CERCLA provides for administrative record review for claim 4 about the Navy's fourth and fifth five-year reviews, which will require cross-motions for summary judgment. Greenaction may file a motion for summary judgment on claim 1, depending on the outcome of discovery. The Navy may have additional Rule 12 motions if Greenaction files a second amended complaint. The Navy anticipates a motion for summary judgment for claim 1.

**7. AMENDMENT OF PLEADINGS:** Greenaction intends to file a second amended complaint in conformance with the Court's order partially granting and partially denying the Navy's and EPA's motion to dismiss. The Court established April 3, 2025, as the deadline to file a second amended complaint, and provided the Navy 21 days thereafter to respond to any amended complaint. As noted in the schedule below, the Navy respectfully requests the Court extend the

responsive pleading deadline to 30 days after Greenaction files its amended complaint. The Navy needs additional time to evaluate the second amended complaint, determine whether to move to dismiss a claim or claims, draft a responsive pleading, coordinate positions among multiple federal agencies, and obtain management review and approval under new federal agency leadership. Greenaction takes no position on this request.

**8. EVIDENCE PRESERVATION:** Greenaction has issued a litigation hold to all relevant custodians. The Navy and EPA have issued litigation holds to all relevant custodians.[2]

**9. DISCLOSURES:** The Parties made Rule 26(a)(1) initial disclosures on March 21, 2025.

**10. DISCOVERY:**

Claim 1: The Parties have not engaged in discovery yet. There currently are no discovery disputes. Greenaction anticipates serving limited documents requests, interrogatories and possibly noticing Rule 30(b)(6) depositions. The Navy anticipates serving limited documents requests, interrogatories and possibly noticing a Rule 30(b)(6) deposition. The Parties are negotiating a stipulated discovery procedure order that will include e-discovery provisions, a Federal Rule of Evidence 502(d) order, and other limitations on discovery. The Parties are also negotiating a stipulated protective order.

Claim 4: CERCLA provides for administrative record review for claim 4. 42 U.S.C. § 9613(j)(1)-(2). There will be no discovery for this claim.

**11. CLASS ACTIONS:** This case is not a class action.

**12. RELATED CASES:** The Parties are not aware of related cases or proceedings pending before another judge of this court, or before another court or administrative body.

---

[2] Although EPA is not currently a defendant in this action, Greenaction plans to name EPA as a defendant in its forthcoming second amended complaint.

**13. GREENACTION'S REQUESTED RELIEF:**  Greenaction seeks a declaratory judgment in favor of Greenaction regarding the cleanup of the Hunters Point for the Navy's and EPA's failure to act in accordance with CERCLA, the NCP and the FFA and for actions and inactions that are arbitrary, capricious, an abuse of discretion, and/or not otherwise in accordance with law.

Greenaction further seeks an injunction ordering the Navy and EPA to conduct the Hunters Point cleanup in accordance with CERCLA, the NCP, and EPA's CERCLA guidance and policy as required by the FFA, including implementing the Workplan requiring Phase 1 retesting of 100% of parcel G soil.

Greenaction also seeks an injunction requiring the Navy to comply with CERCLA's five-year review obligations to assure that its remedy is protective of human health and the environment, using the most recent risk calculations and toxicity data via EPA-approved methods, and meeting a deadline, to be set by this Court, to issue the sixth five-year review and all subsequent five-year reviews.

Finally, Greenaction seeks an award of its costs and attorney's fees in this action and such other and further relief as the Court may deem appropriate.

**14. SETTLEMENT AND ADR:**  The Parties are planning to engage in confident settlement discussions soon to determine whether resolution of this case without continued litigation is possible.  However, the Parties request that formal ADR be deferred until later in this case.  If the Court assigns the case to an ADR track now, the Parties request a settlement conference with a magistrate judge.

**15. OTHER REFERENCES**: This case is not suitable for reference to binding arbitration, a special master, or the Judicial Panel on Multidistrict Litigation.

**16. NARROWING OF ISSUES:** The Parties believe that the scope of this case has been significantly narrowed by the Court's decision on the Motion to Dismiss and Greenaction's clarification on the scope of claim 4 noted above.  The Parties do not believe that the case can be further narrowed by stipulation at this time but will continue to consider this question throughout the litigation.

Greenaction contends that the most consequential issue for claim 1 is whether the Navy's decision to invalidate and discard 62 Parcel G soil sample results exceeding the remedial goal for strontium 90 was proper .  The Navy contends that the most consequential issue for claim 1 is whether, under the Workplan, the Navy properly used the Eichrom Method Total Beta Strontium to test for strontium-90 for retesting soils in parcel G and credited the results of that testing in Phase 1 retesting.

The Parties agree that the most consequential issues for claim 4 are (1) the statutory requirements to complete a five-year review that complies with 42 U.S.C. § 9621(c), and (2) whether the Navy's fourth and fifth five-year reviews satisfy those requirements for review of the radiological remedial goals selected in the RODs at Hunters Point.

**17. SCHEDULING:**

>Amend Pleadings Deadline – April 3, 2025
>
>Responsive Pleading Deadline – 30 days after Greenaction Files Second Amended Complaint
>
><u>Claim 1 Deadlines</u>
>
>The Navy Production of Documents to Adjudicate Claim 1 – May 9, 2025 (*See* Other Matters below)
>
>Case Management Conference – June 26, 2025

Fact Discovery Motions – July 11, 2025

Fact Discovery – July 31, 2025

Expert Disclosures – September 15, 2025[3]

Rebuttal Disclosures – October 24, 2025

Expert Discovery Motions – November 3, 2025

Expert Discovery – November 21, 2025

Dispositive Motions Hearing – January 29, 2026

Final pretrial conference – March 24, 2026

First day of trial – April 6, 2026

<u>Claim 4 Deadlines</u>

Lodging the Administrative Record – May 9, 2025

Greenaction's' Motion for Summary Judgment – June 27, 2025

The Navy's Opposition and Cross-Motion for Summary Judgment – August 8, 2025

Greenaction's Opposition/Reply Motion – September 5, 2025

The Navy's Reply Motion – October 3, 2025

Motion Hearing – November 6, 2025

**18. TRIAL:**

Claim 1: The Parties anticipate a five-day trial by the Court. There is no right to a jury trial for this case.

Claim 4: CERCLA provides for administrative record review for claim 4. *See* 42 U.S.C. § 9613(j)(1)-(2). There will not be a trial for this claim.

---

[3] The Navy would omit expert discovery from the schedule and move up the later deadlines because claim 1 can be resolved without expert discovery, as explained below in the section on "other matters."

**19. DISCLOSURE OF NON-PARTY INTERESTED ENTITIES OR PERSONS:**

Greenaction has filed the "Certification of Interested Entities or Persons" required by Civil Local Rule 3-15. The Navy is an agency of the federal government and is not required to file the certification.

**20. PROFESSIONAL CONDUCT:** All attorneys of record for the Parties have reviewed the Guidelines for Professional Conduct for the Northern District of California.

**21. OTHER MATTERS TO FACILITATE THE JUST, SPEEDY AND INEXPENSIVE DISPOSITION OF THIS ACTION:** The Parties are considering stipulating to adjudicating claim 1 through motions practice based on an agreed set of documents that are relevant and necessary to adjudicate the claim. To do so, the Navy will produce a set of documents by May 9, 2025, as the proposed set of documents to adjudicate the claim. The Parties then will discuss the scope of relevant documents and determine whether the claim can be adjudicated through motions on the documents. The Parties have included the May 9, 2025, deadline for the Navy to produce the proposed set of documents.

Lastly, the Navy believes that no expert discovery is necessary for Claim 1 because the heart of the claim, as plead by Greenaction, is whether the Navy executed a field change to the Workplan, not whether the Navy used the appropriate testing method for strontium-90. The Navy will be prepared to discuss this position at the Case Management Conference. Greenaction believes expert discovery is likely to be necessary.

|  |  |
|---|---|
|  | Respectfully Submitted, |
| Dated: March 21, 2025 | /s/ with permission<br>Steven J. Castleman<br>Berkeley Law Environmental Law Clinic<br>434 Law Building, UC Berkeley Law<br>Berkeley, CA 94704<br>Tel: (510) 664-4761<br>scastleman@clinical.law.berkeley.edu<br><br>Attorney for Plaintiff<br>Greenaction for Health and Environmental Justice |
| Dated: March 21, 2025 | /s/ David. D. Mitchell<br>DAVID D. MITCHELL<br>LUCY E. BROWN<br>United States Department of Justice<br>Environment & Natural Resources Division<br>Environmental Defense Section<br><br>*Counsel for Defendant* |

**FILING ATTESTATION**

I attest that the signing counsel for Plaintiff concurs in filing this document.

|  |  |
|---|---|
| Dated: March 21, 2025 | /s/ David D. Mitchell<br>DAVID D. MITCHELL<br>United States Department of Justice<br>Environment & Natural Resources Division<br>Environmental Defense Section |