UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GREENACTION FOR HEALTH AND ENVIRONMENTAL JUSTICE,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>UNITED STATES DEPARTMENT OF THE NAVY, et al.,<br><br>　　　　　Defendants. | Case No. 24-cv-03899-VC<br><br>**ORDER GRANTING IN PART AND DENYING IN PART MOTION TO DISMISS**<br><br>Re: Dkt. No. 61 |

　　　　The motion to dismiss is granted in part and denied in part. This order assumes the reader's familiarity with the facts, governing legal standards, and arguments made by the parties. The government's request for judicial notice is granted.

　　　　1. The motion is granted as to the first claim (that the government violated the work plan by rejecting the initial strontium samples and switching sampling methods). The work plan allows changes to the "sampling program" at parcel G, including to the "analytical suite," if the Navy approves a "field change request" regarding the changes. Here, the Navy approved field change requests to change the strontium sampling method at parcel G from Method 905 to the Eichrom method. So the Navy's change in sampling method did not violate the work plan; it was expressly authorized under the work plan. Although Greenaction calls the Navy's decision to switch sampling methods "improper and unlawful," it does not identify any provision of the work plan that the change allegedly violated. Nor does Greenaction identify any provision of the work plan violated by EPA. Because Greenaction could not identify what allegations it would add that would state a claim for violations of the work plan, dismissal is without leave to amend.

2. The motion is denied as to the second claim (that the Navy is failing to perform its nondiscretionary duty to conduct five-year reviews every five years). Greenaction alleges that the Navy has a "past and ongoing policy" of improperly setting deadlines for the five-year reviews. In other words, that the Navy has a current policy of shirking a nondiscretionary duty created by CERCLA. Because Greenaction alleges a current failure, the claim survives whether or not 42 U.S.C. § 9659(a)(2) provides a cause of action to challenge—or waives sovereign immunity regarding challenges to—current failures only.

3. The motion is granted as to the third claim (that the Navy failed adhere to CERCLA guidance, made enforceable under the Federal Facilities Agreement, in the fifth five-year review). Section 6 of the FFA provides that the parties will perform the "tasks, obligations, and responsibilities described in" that section in accordance with CERCLA guidance and policy. Those "tasks, obligations, and responsibilities" include, among other things, "response actions." Greenaction argues that this covers five-year reviews because response actions include removal actions and remedial actions, and five-year reviews are a type of removal action. But "removal actions are temporary measures taken to protect against the threat of an immediate release of hazardous substances into the environment, whereas remedial actions are intended as permanent solutions." *Fort Ord Toxics Project, Inc. v. California EPA*, 189 F.3d 828, 833–34 (9th Cir. 1999). Five-year reviews assess the efficacy of remedial actions—permanent measures following removal actions—at a given site and determine whether further remedial actions are necessary. Given this structure, it makes no sense to say that five-year reviews are removal actions, regardless of whether they might fit within CERCLA's broad definition of that term. 42 U.S.C. § 9601(23). Because additional factual allegations could not cure this defect, dismissal is without leave to amend.[1]

**IT IS SO ORDERED.**

---

[1] There could be an argument that five-year reviews are part of the "operation and maintenance of response actions," which is also covered under section 6. But Greenaction forfeited this argument because it did not make it in the complaint or in its briefs, and did not adopt it at the hearing after the Court raised it with counsel for the defendants.

Dated: July 3, 2025

_____
VINCE CHHABRIA
United States District Judge